*E-Filed 12/22/11*

1   SHERYL W. LEICHENGER (SBN 161688)
sleichenger@selmanbreitman.com
2   LISA MARTIN LAMPKIN (SBN 199514)
llampkin@selmanbreitman.com
3   LAURA R. RAMOS (SBN (SBN 186326)
lramos@selmanbreitman.com
4   SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
5   Los Angeles, CA 90025
Telephone:   (310) 445-0800
6   Facsimile:   (310) 473-2525

7   Attorneys for Third-Party Defendant
SCOTTSDALE INSURANCE COMPANY

8

9            UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11   SIERRA BAY CONTRACTORS, INC., a     CASE NO. 3:10-CV-04611-RS
California Corporation,
12                                   **STIPULATION TO ALLOW THIRD**
       Plaintiff,                    **PARTY DEFENDANT, SCOTTSDALE**
13                                     **INSURANCE COMPANY, TO FILE A**
    v.                                  **CROSS-CLAIM**
14
WESTCHESTER SURPLUS LINES            **[~~PROPOSED~~] ORDER**
15   INSURANCE COMPANY, a Georgia corporation,
and ROES 1 through 50, inclusive,        **[Fed. R. Civ. Proc. 15 (a)(2)]**
16
      Defendants.
17

18   WESTCHESTER SURPLUS LINES INSUANCE
COMPANY, a Georgia Corporation,
19
        Third-Party Plaintiff,
20
21      v.

22   ASPEN SPECIALTY INSURANCE COMPANY,
a North Dakota Corporation; CONTINENTAL
23   CASUALTY INSURANCE COMPANY, an
Illinois Corporation; GEMINI INSURANCE
24   COMPANY, a Delaware Corporation; GREAT
AMERICAN ASSURANCE COMPANY, an Ohio
25   Corporation; GREAT AMERICAN INSURANCE
COMPANY, an Ohio Corporation; INTERSTATE
26   FIRE AND CASUALTY COMPANY, an Illinois
Corporation; LEXINGTON INSURANCE
27   COMPANY, a Delaware Corporation; LIBERTY
SURPLUS INSURANCE CORPORATION, a

28

1

**STIPULATION FOR SCOTTSDALE TO FILE CROSS-CLAIM**
**CASE NO. 3:10-CV-04611-RS**

522563.1  380.30819

*Selman Breitman LLP*
*ATTORNEYS AT LAW*

1  New Hampshire Corporation; NIC INSURANCE
   COMPANY, a New York Corporation; OLD
2  REPUBLIC GENERAL INSURANCE
   CORPORATION, an Illinois Corporation;
3  TRANSCONTINENTAL INSURANCE
   COMPANY, an Illinois Corporation;
4  SCOTTSDALE INSURANCE COMPANY, an
   Ohio Corporation; TRUCK INSURANCE
5  EXCHANGE, a California Corporation;
   VIRGINIA SURETY COMPANY, an Illinois
6  Corporation,

7                    Third-Party Defendants.

8

9          Third-Party Plaintiff Westchester Surplus Lines Insurance Company ("Westchester")  and

10  Third Party Defendant Scottsdale Insurance Company ("Scottsdale"), by and through their

11  respective counsel of record, hereby stipulate and agree to the following:

12          1.      On or about April 22, 2011, Westchester filed a third party complaint for equitable

13  contribution against various additional insured carriers, including Scottsdale in the above-

14  captioned action.

15          2.      On or about May 26, 2011, Scottsdale filed and served its answer to Westchester's

16  third-party complaint in the above-captioned action.

17          3.      Scottsdale now seeks to assert a cross-claim in this action.

18          4.      Federal Rule of Civil Procedure Rule 15 (a)(2) allows the filing of amendments to

19  pleadings, including to the answer in order to assert a cross-claim, through stipulation from the

20  opposing party.  Federal Rule of Civil Procedure Rule 15 (a)(2) states in part:

21                  a)      Amendments Before Trial.

22                          (2)     *Other Amendments.*  In all other cases, a party may

23                                  amend its pleading only with the opposing party's

24                                  written consent or the court's leave.  The court

25                                  should freely give leave when justice so requires.

26          5.      Westchester is the only party which has asserted a claim against Scottsdale in this

27  matter, and therefore Westchester is the only opposing party as to Scottsdale.

28

STIPULATION FOR SCOTTSDALE TO FILE CROSS-CLAIM
CASE NO. 3:10-CV-04611-RS

Selman Breitman LLP
ATTORNEYS AT LAW

522563.1  380.30819

1    6.    Westchester herein stipulates to allow Scottsdale to file a cross-claim in this matter.

2    7.    Scottsdale's cross-claim is based on new developments that came to light during the

3    recent mediation before Bruce Edwards at JAMS in San Francisco, California on or about

4    December 2, 2011 in the above-captioned action.

5    8.    Specifically, Scottsdale understood that the recent mediation was intended to

6    explore a global resolution of all claims in dispute between the parties, including coverage issues

7    in the above-captioned action and liability issues related to the underlying arbitration and

8    litigation.

9    9.    Scottsdale issued general liability policies to Elite Plastering as a named insured.

10   Elite Plastering was the stucco and lathing subcontractor for Sierra Bay Contractors for both the

11   PE and MD Buildings at issue in the underlying arbitration and litigation.  Elite Plastering used

12   another subcontractor, Service Lathing, for portions of the work performed for Sierra Bay

13   Contractors on the PE and MD Buildings.  The subcontract agreement between Elite Plastering

14   and Service Lathing required Service Lathing to provide additional insured coverage to Elite

15   Plastering and Sierra Bay Contractors with respect to the PE and MD Buildings.

16   10.    It is Scottsdale's position that a resolution of the global resolution of coverage and

17   liability issues related to Sierra Bay Contractors and Elite Plastering cannot be reached without the

18   participation of all insurers for Elite Plastering and its subcontractor, Service Lathing.

19   11.    As a result, Scottsdale now wishes to file a cross-claim for declaratory relief and

20   equitable contribution against the other insurers for Elite Plastering and Service Lathing.

21   12.    Scottsdale's cross-claim arises out of the same transaction, occurrence, or series of

22   transactions or occurrences already at issue in the above-captioned action.

23   13.    Scottsdale's cross-claim would be in the interests of justice and would promote the

24   efficient resolution of all claims between the parties in the above-captioned action.

25   14.    Accordingly, Westchester and Scottsdale hereby stipulate that Scottsdale may file a

26   cross-claim.

27   15.    A copy of the cross-claim is attached hereto as Exhibit 1.

28

Selman Breitman LLP
ATTORNEYS AT LAW

522563.1  380.30819

3

**STIPULATION FOR SCOTTSDALE TO FILE CROSS-CLAIM**
**CASE NO. 3:10-CV-04611-RS**

16.     The parties also stipulate that the cross-claim will be deemed filed on the date that this stipulation is filed.

17.     Once the cross-claim is deemed filed, Scottsdale will serve parties to the cross-claim pursuant to applicable Federal Rules of Civil Procedure.

18.     Good cause exists for this stipulation.

19.     This stipulation may be executed in counterparts and will retain its full force and effect.

20.     Facsimile signatures will be acceptable and binding with respect to the enforceability of this stipulation.

IT IS SO STIPULATED.

DATED: December 22 2011     SELMAN BREITMAN LLP

By: _____
        Sheryl W. Leichenger
        Lisa M. Lampkin
        Laura R. Ramos
        Attorneys for Third-Party Defendant, Scottsdale
        Insurance Company

DATED: December ___2011     MORALES, FIERRO & REEVES

By: _____
        Ramiro Morales
        David A. Astengo
        Attorneys for Defendant/Third-Party
        Plaintiff, Westchester Surplus Lines
        Insurance Company

STIPULATION FOR SCOTTSDALE TO FILE CROSS-CLAIM
CASE NO. 3:10-CV-04611-RS

Selman Breitman LLP
ATTORNEYS AT LAW

522563.1  380.30819

16.     The parties also stipulate that the cross-claim will be deemed filed on the date that this stipulation is filed.

17.     Once the cross-claim is deemed filed, Scottsdale will serve parties to the cross-claim pursuant to applicable Federal Rules of Civil Procedure.

18.     Good cause exists for this stipulation.

19.     This stipulation may be executed in counterparts and will retain its full force and effect.

20.     Facsimile signatures will be acceptable and binding with respect to the enforceability of this stipulation.

IT IS SO STIPULATED.

DATED: December __ 2011          SELMAN BREITMAN LLP


By: _____
       Sheryl W. Leichenger
       Lisa M. Lampkin
       Laura R. Ramos
Attorneys for Third-Party Defendant, Scottsdale
Insurance Company

DATED: December 22 2011          MORALES, FIERRO & REEVES


By: _____
       Ramiro Morales
       David A. Astengo
Attorneys for Defendant/Third-Party
Plaintiff, Westchester Surplus Lines
Insurance Company


IT IS SO ORDERED.


12/22/11

4
STIPULATION FOR SCOTTSDALE TO FILE CROSS-CLAIM
CASE NO. 3:10-CV-04611-RS

522563.1  380.30819

Selman Breitman LLP
ATTORNEYS AT LAW

# EXHIBIT 1

1   SHERYL W. LEICHENGER (SBN 115413)
    sleichenger@selmanbreitman.com
2   LISA MARTIN LAMPKIN (SBN 201023)
    llampkin@selmanbreitman.com
3   LAURA R. RAMOS (SBN 186326)
    lramos@selmanbreitman.com
4   SELMAN BREITMAN LLP
    11766 Wilshire Blvd., Sixth Floor
5   Los Angeles, CA  90025
    Telephone:       (310) 445-0800
6   Facsimile:       (310) 473-2525

7   Attorneys for Third-Party Defendant
    and Cross-Claimant SCOTTSDALE
8   INSURANCE COMPANY

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13   SIERRA BAY CONTRACTORS, INC., a          CASE NO. 3:10-CV-04611-RS
     California Corporation,
14                                            **THIRD-PARTY DEFENDANT AND
                    Plaintiff,                CROSS-CLAIMANT SCOTTSDALE
15                                            INSURANCE COMPANY'S CROSS-
          v.                                  CLAIM**
16
     WESTCHESTER SURPLUS LINES
17   INSURANCE COMPANY, a Georgia corporation,
     and ROES 1 through 50, inclusive,
18
                    Defendants.
19

20   WESTCHESTER SURPLUS LINES
     INSURANCE COMPANY, a Georgia
21   Corporation,

22                  Third-Party Plaintiff,

23        v.

24   ASPEN SPECIALTY INSURANCE COMPANY,
     a North Dakota Corporation; CONTINENTAL
25   CASUALTY INSURANCE COMPANY, an
     Illinois Corporation; GEMINI INSURANCE
26   COMPANY, a Delaware Corporation; GREAT
     AMERICAN ASSURANCE COMPANY, an Ohio
27   Corporation; GREAT AMERICAN INSURANCE
     COMPANY, an Ohio Corporation; INTERSTATE
28   FIRE AND CASUALTY COMPANY, an Illinois
     Corporation; LEXINGTON INSURANCE

Selman Breitman LLP
ATTORNEYS AT LAW

COMPANY, a Delaware Corporation; LIBERTY
SURPLUS INSURANCE CORPORATION, a
New Hampshire Corporation; NIC INSURANCE
COMPANY, a New York Corporation; OLD
REPUBLIC GENERAL INSURANCE
CORPORATION, an Illinois Corporation;
TRANSCONTINENTAL INSURANCE
COMPANY, an Illinois Corporation;
SCOTTSDALE INSURANCE COMPANY, an
Ohio Corporation; TRUCK INSURANCE
EXCHANGE, a California Corporation;
VIRGINIA SURETY COMPANY, an Illinois
Corporation,

Third-Party Defendants.

SCOTTSDALE INSURANCE COMPANY, an
Ohio Corporation,

Cross-Claimant,

v.

AMERICAN SAFETY INDEMNITY
COMPANY an Oklahama Corporation;
NAVIGATORS SPECIALTY INSURANCE
COMPANY, formally known as NIC Insurance
Company, a New York Corporation; GEMINI
INSURANCE COMPANY, a Delaware
Corportion; LEXINGTON INSURANCE
COMPANY, a Delaware Corporation; and ROES
1 through 20, inclusive,

Cross-Defendants.

Comes Now Third-Party Defendant and Cross-Complainant Scottsdale Insurance

Company ("Scottsdale") and hereby submits this Cross-Claim pursuant to Federal Rule of Civil

Procedure, Rules 13(g)-(h), 15 and 20, as follows:

## THE PARTIES

1.      Scottsdale was at all times herein mentioned, and currently is, a corporation

organized and existing under the laws of the State of Ohio, and duly authorized to transact

business in the State of California.

2.      Scottsdale is informed and believe, and based thereon allege, that cross-defendant

American Safety Indemnity Company ("American Safety") is an Oklahoma Corporation who was

2

SCOTTSDALE INS. CO. THIRD-PARTY COMPLAINT

1    at all times herein mentioned duly authorized to transact insurance business in the State of

2    California.

3        3.    Scottsdale is informed and believe, and based thereon allege, that cross-defendant

4    Navigators Specialty Insurance Company, formally known as NIC Insurance Company

5    (hereinafter "Navigators"), is a New York Corporation and was at all times herein mentioned duly

6    authorized to transact insurance business in the State of California.

7        4.    Scottsdale is informed and believe, and based thereon allege, that cross-defendant

8    Gemini Insurance Company ("Gemini") is a Delaware Corporation and was at all times herein

9    mentioned duly authorized to transact insurance business in the State of California.

10       5.    Scottsdale is informed and believe, and based thereon allege, that cross-defendant

11   Lexington Insurance Company ("Lexington") is a Delaware Corporation and was at all times

12   herein mentioned duly authorized to transact insurance business in the State of California.

13       6.    Scottsdale alleges that the true names and capacities, whether individual, corporate,

14   associate or otherwise, of the cross-defendants named herein as ROES 1 through 20, are unknown

15   to Scottsdale, who therefore sues said cross-defendants by such fictitious names. Scottsdale will

16   seek leave to amend this cross-claim to show the cross-defendants' true names and capacities when

17   the same have been ascertained. Scottsdale is informed and believes, and thereon alleges, that

18   ROES 1 through 20 are in some manner legally responsible for the claims and liabilities alleged in

19   this cross-claim.

20       7.    Scottsdale may hereinafter collectively refer to American Safety, Navigators,

21   Gemini, Lexington, and ROES 1 through 20, collectively, as the "Cross-Defendants."

22                          **JURISDICTION AND VENUE**

23       8.    This Court has original jurisdiction under 28 U.S.C. § 1332, over this matter, as the

24   plaintiff Sierra Bay Contractors, Inc. ("Sierra Bay") filed suit against defendant Westchester

25   Surplus Lines Insurance Company ("Westchester"), and Sierra Bay and Westchester are citizens of

26   different states, and the amount in controversy between them in the present action exceeds

27   seventy-five thousand dollars ($75,000), exclusive of costs and interest.

28

Selman Breitman LLP
ATTORNEYS AT LAW

3

**SCOTTSDALE INS. CO. THIRD-PARTY COMPLAINT**

9.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Scottsdale's cross-claim against each of the Cross-Defendants herein in that Westchester asserted a third-party complaint against Scottsdale, Scottsdale's claims against each of the Cross-Defendants are supplemental to Westchester's claims against Scottsdale, and each of the Cross-Defendants is or may be liable to Scottsdale for all or a portion of the amounts being sought by Westchester from Scottsdale.

10.     Venue is proper in the United States District Court, Northern District of California, in that all of the Cross-Defendants are subject to personal jurisdiction in this District at the time the action is commenced, and as there is no District in which the action may otherwise be brought. The subject matter of this action, and Scottsdale's cross-claim, relate to the coverage obligations owed by Westchester, Scottsdale and the Cross-Defendants regarding two underlying matters that have arisen as a result of alleged defects in the construction of the Multi-Disciplinary Building and a Physical Education Complex constructed by Sierra Bay at the Chabot Las Positas Community College, which is located in Livermore, Alameda County, California, and therefore located in this District.  In addition, the two actions that give rise to the claims for insurance coverage asserted in this action are currently being litigated within this District.  These actions include: (1) the lawsuit entitled *Chabot-Las Positas Community College District v. LPA, Inc.*, Superior Court of the State of California, Alameda County, Case No. RGI0493193 (hereinafter the "Alameda Action"); and (2) the arbitration entitled *Chabot-Las Positas Community College District v. Sierra Bay Contractors, Inc.,* American Arbitration Association Case Number 74 110 400 224 09 JISI (hereinafter the "Arbitration Action").

## THE SCOTTSDALE POLICIES

11.     Scottsdale provided general liability insurance to Elite Plastering, Inc. ("Elite") pursuant to Policy Nos. BCS0016183 (effective from November 14, 2007 to November 14, 2008), BCS0018385 (effective from November 14, 2008 to November 14, 2009) and BCS0020863 (effective from November 14, 2009 to November 14, 2010) (hereinafter, the "Scottsdale Policies").

4

**SCOTTSDALE INS. CO. THIRD-PARTY COMPLAINT**

12.     The Scottsdale Policies provide Elite with general liability coverage pursuant to Commercial General Liability Coverage Forms CG 00 01 12 04 and/or CG 00 01 12 07, which state in relevant part that Scottsdale will pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the Scottsdale Policies.

13.     The Scottsdale Policies do not provide coverage for "property damage" which occurs during the Scottsdale Policies but which was, prior to the Scottsdale Policies, known to have occurred by any insured, regardless of whether such "property damage" continues, changes or resumes during the Scottsdale Policies.

14.     The Scottsdale Policies define "property damage" as "physical injury to tangible property, including all resulting loss of use of that property."

15.     The Scottsdale Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

16.     The Scottsdale Policies include a blanket additional insured endorsement which affords coverage to any person or organization that Elite agreed in a written contract to name as an additional insured under the Scottsdale Policies, but coverage is limited to liability for "property damage" caused, in whole or in part, by Elite's work (or the work of its subcontractors) performed for that additional insured and included in the "products- completed operations hazard."

## THE AMERICAN SAFETY POLICIES

17.     Scottsdale is informed and believes, and based thereon alleges, that American Safety issued one or more insurance policies that provide general liability coverage to Service Lathing, including, but not limited to, Policy Nos. ESL0067480401 (effective from December 20, 2004 to December 20, 2005) and ESL0067480502 (effective from December 20, 2005 to December 20, 2066)(hereinafter, the "American Safety Policies").

18.     Scottsdale is informed and believes, and based thereon alleges, that the American Safety Policies agree to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," provided that the "property damage" occurs during the American Safety Policies.

Selman Breitman LLP
ATTORNEYS AT LAW

513325.1   380.30819

Selman Breitman LLP
ATTORNEYS AT LAW

1    19.    Scottsdale is informed and believes, and based thereon alleges, that the American

2  Safety Policies include the same or a substantially similar definition of "property damage" and

3  "occurrence" as the Scottsdale Policies.

4    20.    Scottsdale is informed and believes, and based thereon alleges, that the American

5  Safety Policies include one or more endorsements which confer additional insured status on Elite

6  and Sierra Bay for the claims at issue in the Alameda Action and/or Arbitration Action.

7    21.    Scottsdale is informed and believes, and based thereon alleges, that the coverage

8  provided to Elite and Sierra Bay as additional insureds under the American Safety Policies is

9  primary coverage and therefore has a duty to respond to the Alameda Action and/or Arbitration

10  Action before the Scottsdale Policies.

11                **THE NAVIGATORS POLICIES**

12    22.    Scottsdale is informed and believes, and based thereon alleges, that Navigators

13  issued one or more insurance policies that provide general liability coverage to Service Lathing,

14  including, but not limited to, Policy Nos. SF06CGL00643300 (effective from December 20, 2006

15  to December 20,2007) and SF06CGL00643301 (effective from December 20, 2007 to December

16  20, 2008) (hereinafter, the "NIC Policies").

17    23.    Scottsdale is informed and believes, and based thereon alleges, that the NIC

18  Policies agree to pay those sums that an insured becomes legally obligated to pay as damages

19  because of "property damage" caused by an "occurrence," provided that the "property damage"

20  occurs during the NIC Policies.

21    24.    Scottsdale is informed and believes, and based thereon alleges, that the NIC

22  Policies include the same or a substantially similar definition of "property damage" and

23  "occurrence" as the Scottsdale Policies.

24    25.    Scottsdale is informed and believes, and based thereon alleges, that the NIC

25  Policies include one or more endorsements which confer additional insured status on Elite and

26  Sierra Bay for the claims at issue in the Alameda Action and/or Arbitration Action.

27    26.    Scottsdale is informed and believes, and based thereon alleges, that the coverage

28  provided to Elite and Sierra Bay as additional insureds under the NIC Policies is primary coverage

that is excess to the insurance afforded to Elite and Sierra Bay by other insurers, including

Scottsdale, and that the Navigators has a duty to respond to the Alameda Action and/or Arbitration

Action under the NIC Policies without any right to contribution from Scottsdale.

## THE GEMINI POLICIES

27.     Scottsdale is informed and believes, and based thereon alleges, that Gemini issued

one or more insurance policies that provide general liability coverage to Service Lathing,

including, but not limited to, Policy Nos. VCGP016818 (effective from December 12, 2008 to

December 12, 2009) and VCGP018031 (effective December 12, 2009 to December 12, 2010)

(hereinafter, the "Gemini Policies").

28.     Scottsdale is informed and believes, and based thereon alleges, that the Gemini

Policies agree to pay those sums that an insured becomes legally obligated to pay as damages

because of "property damage" caused by an "occurrence," provided that the "property damage"

occurs during the Gemini Policies.

29.     Scottsdale is informed and believes, and based thereon alleges, that the Gemini

Policies include the same or a substantially similar definition of "property damage" and

"occurrence" as the Scottsdale Policies.

30.     Scottsdale is informed and believes, and based thereon alleges, that the Gemini

Policies include one or more endorsements which confer additional insured status on Elite and

Sierra Bay for the claims at issue in the Alameda Action and/or Arbitration Action.

## THE LEXINGTON POLICIES

31.     Scottsdale is informed and believes, and based thereon alleges, that Lexington

issued one or more insurance policies that provide general liability coverage to Elite, including,

but not limited to, Policy Nos. 1142696 (effective from November 14, 2003 to November 14,

2004), 1143942 (effective from November 14, 2004 to November 14, 2005) and 7506898

(effective from November 14, 2006 to November 14, 2007) (hereinafter, the "Lexington

Policies").

32.     Scottsdale is informed and believes, and based thereon alleges, that the Lexington

Policies agree to pay those sums that an insured becomes legally obligated to pay as damages

Selman Breitman LLP
ATTORNEYS AT LAW

1    because of "property damage" caused by an "occurrence," provided that the "property damage"

2    occurs during the Lexington Policies.

3        33.    Scottsdale is informed and believes, and based thereon alleges, that the Lexington

4    Policies include the same or a substantially similar definition of "property damage" and

5    "occurrence" as the Scottsdale Policies.

6        34.    Scottsdale is informed and believes, and based thereon alleges, that the Lexington

7    Policies include one or more endorsements which confer additional insured status on Sierra Bay

8    for the claims at issue in the Alameda Action and/or Arbitration Action.

9                        **THE UNDERLYING ACTIONS**

10       35.    On or about March 2009, the Chabot-Las Positas Community College District

11   initiated the Arbitration Action concerning the "defective work in the construction of the Multi-

12   Disciplinary Building and the Physical Education Complex" at Las Positas Community College.

13       36.    On or about July 27, 2009, Sierra Bay filed an Answering Statement and

14   Counterclaim Request which named Elite as a respondent in the Arbitration Action.

15       37.    On or about January 11, 2010, Chabot Las Positas Community College District

16   filed the Alameda Action concerning the defective work in the construction of the Multi-

17   disciplinary building and the Physical Education Complex at Las Positas Community College.

18       38.    On or about March 2, 2010, Sierra Bay was named as a cross-defendant in the

19   Alameda Action.

20       39.    On April 23, 2010, Sierra Bay filed a cross-complaint against Elite in the Alameda

21   Action.

22       40.    As of September 9, 2010, the Arbitration Action was stayed as to claims relating to

23   the MD Building.

24       41.    Scottsdale is informed and believes, and based thereon alleges, that Elite's defense

25   and indemnity in the Arbitration Action and Alameda Action was tendered numerous insurers,

26   including Scottsdale and the Cross-Defendants.

27       42.    Scottsdale agreed to provide Elite with a defense in the Arbitration Action and

28   Alameda Action regarding the MD Building claims pursuant to complete reservation of rights.

43. Scottsdale is informed and believes, and thereon alleges, that American Safety has either ignored or denied Elite's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that American Safety has refused to provide Elite with a defense or indemnity in the Arbitration Action and Alameda Action.

44. Scottsdale is informed and believes, and thereon alleges, that Navigators has either ignored or denied Elite's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that Navigators has refused to provide Elite with a defense or indemnity in the Arbitration Action and Alameda Action.

45. Scottsdale is informed and believes, and thereon alleges, that Gemini has either ignored or denied Elite's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that Gemini has refused to provide Elite with a defense or indemnity in the Arbitration Action and Alameda Action.

46. Scottsdale is informed and believes, and thereon alleges, that Lexington initially accepted the tender of defense and indemnity made on behalf of Elite in the Arbitration Action and Alameda Action, but that Lexington has since asserted to Scottsdale that Lexington intends to withdraw coverage under the Lexington Policies for Elite in the Arbitration Action and Alameda Action regarding the MD Building claims.

47. Scottsdale is informed and believes, and thereon alleges, that Roes 1 through 20 have either ignored or denied Elite's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that Roes 1 through 20 have refused to provide Elite with a defense or indemnity in the Arbitration Action and Alameda Action.

48. Scottsdale is informed and believes, and based thereon alleges, that Sierra Bay's defense and indemnity in the Arbitration Action and Alameda Action was tendered numerous insurers, including Scottsdale and the Cross-Defendants.

49. Scottsdale agreed to provide Sierra Bay with a defense as an additional insured in the Arbitration Action and Alameda Action regarding the MD Building claims pursuant to complete reservation of rights.

Selman Breitman LLP
ATTORNEYS AT LAW

50.     Scottsdale is informed and believes, and thereon alleges, that American Safety has either ignored or denied Sierra Bay's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that American Safety has refused to provide Sierra Bay with a defense or indemnity in the Arbitration Action and Alameda Action.

51.     Scottsdale is informed and believes, and thereon alleges, that Navigators has either ignored or denied Sierra Bay's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that Navigators has refused to provide Sierra Bay with a defense or indemnity in the Arbitration Action and Alameda Action.

52.     Scottsdale is informed and believes, and thereon alleges, that Gemini has either ignored or denied Sierra Bay's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that Gemini has refused to provide Sierra Bay with a defense or indemnity in the Arbitration Action and Alameda Action.

53.     Scottsdale is informed and believes, and thereon alleges, that Lexington initially accepted the tender of defense and indemnity made on behalf of Sierra Bay in the Arbitration Action and Alameda Action, but that Lexington has since asserted to Scottsdale that Lexington intends to withdraw coverage under the Lexington Policies for Sierra Bay in the Arbitration Action and Alameda Action regarding the MD Building claims.

54.     Scottsdale is informed and believes, and thereon alleges, that Roes 1 through 20 have either ignored or denied Sierra Bay's tender of defense and indemnity in the Arbitration Action and Alameda Action, and that Roes 1 through 20 have refused to provide Sierra Bay with a defense or indemnity in the Arbitration Action and Alameda Action.

55.     Scottsdale is informed and believes, and thereon alleges, that Cross-Defendants' coverage positions regarding the defense and indemnity owed to Elite and Sierra Bay in the Arbitration Action and Alameda Action are improper.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Regarding Duty to Defend Against All Cross-Defendants)

56.     Scottsdale re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

57.     Scottsdale is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them, have and had a duty to defend Elite and Sierra Bay in the Arbitration Action and Alameda Action under their policies and well-established California law.

58.     Scottsdale is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them, have denied and continue to deny their duty to defend Elite and Sierra Bay in the Arbitration Action and Alameda Action despite the obligations owed under their policies and well-established California law.

59.     Scottsdale is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them, dispute the contentions as set forth herein.

60.     An actual controversy has arisen and now exists between Scottsdale and the Cross-Defendants which requires a judicial determination regarding the duty to defend owed by the Cross-Defendants to Elite and Sierra Bay in the Arbitration Action and Alameda Action.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Regarding Duty to Indemnify Against All Cross-Defendants)

61.     Scottsdale re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

62.     Scottsdale is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them, have and had a duty to indemnify Elite and Sierra Bay in the Arbitration Action and Alameda Action under their policies and well-established California law.

63.     Scottsdale is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them, have denied and continue to deny their duty to indemnify Elite and Sierra Bay in the Arbitration Action and Alameda Action despite the obligations owed under their policies and well-established California law.

64.     Scottsdale is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them, dispute the contentions as set forth herein.

65.     An actual controversy has arisen and now exists between Scottsdale and the Cross-Defendants which requires a judicial determination regarding the duty to indemnify owed by the Cross-Defendants to Elite and Sierra Bay in the Arbitration Action and Alameda Action.

1

**THIRD CAUSE OF ACTION**

2

**(Equitable Contribution Regarding Defense Expenses Against All Cross- Defendants)**

3        66.    Scottsdale re-alleges and incorporates by this reference all preceding paragraphs

4    above, in their entirety, as though fully set forth herein.

5        67.    Scottsdale is informed and believes, and based thereon alleges, that Scottsdale and

6    the Cross-Defendants are co-insurers of Elite and Sierra Bay for purposes of the Arbitration

7    Action and Alameda Action, such that the defense obligations relative to Elite and Sierra Bay in

8    connection with the Arbitration Action and Alameda Action should be borne by each based upon

9    an equitable allocation.

10       68.    Scottsdale is informed and believes, and based thereon alleges, that Cross-

11   Defendants have failed and refused, and continue to fail and refuse, to contribute and/or reimburse

12   Scottsdale for their fair share of the defense incurred, continuing to be incurred, and/or to be

13   incurred in the future, on behalf of Elite and Sierra Bay in the Arbitration Action and Alameda

14   Action.

15       69.    Scottsdale is informed and believes, and based thereon alleges, that Cross-

16   Defendants should be required to reimburse Scottsdale for their fair share of the defense incurred,

17   continuing to be incurred, and/or to be incurred in the future, on behalf of Elite and Sierra Bay in

18   the Arbitration Action and Alameda Action, including interest.

19

**FOURTH CAUSE OF ACTION**

20

**(Equitable Contribution Regarding Indemnity Against All Cross- Defendants)**

21       70.    Scottsdale re-alleges and incorporates by this reference all preceding paragraphs

22   above, in their entirety, as though fully set forth herein.

23       71.    Scottsdale is informed and believes, and based thereon alleges, that Scottsdale and

24   the Cross-Defendants are co-insurers of Elite and Sierra Bay for purposes of the Arbitration

25   Action and Alameda Action, such that the indemnity obligations relative to Elite and Sierra Bay in

26   connection with the Arbitration Action and Alameda Action should be borne by each based upon

27   an equitable allocation.

28

Selman Breitman LLP
ATTORNEYS AT LAW

12

**SCOTTSDALE INS. CO. THIRD-PARTY COMPLAINT**

72.     Scottsdale is informed and believes, and based thereon alleges, that Cross-Defendants have failed and refused, and continue to fail and refuse, to contribute and/or reimburse Scottsdale for their fair share of the indemnity incurred, continuing to be incurred, and/or to be incurred in the future, on behalf of Elite and Sierra Bay in the Arbitration Action and Alameda Action.

73.     Scottsdale is informed and believes, and based thereon alleges, that Cross-Defendants should be required to reimburse Scottsdale for their fair share of the indemnity incurred, continuing to be incurred, and/or to be incurred in the future, on behalf of Elite and Sierra Bay in the Arbitration Action and Alameda Action, including interest.

## FIFTH CAUSE OF ACTION

### (Subrogation Regarding Defense Expenses Against All Cross- Defendants)

74.     Scottsdale re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

75.     Scottsdale is informed and believes, and based thereon alleges, that the Scottsdale Policies are excess to the coverage afforded to Elite and Sierra Bay by the Cross-Defendants.

76.     Scottsdale is informed and believes, and based thereon alleges, that the policies issued by the Cross-Defendants provide Elite and Sierra Bay with primary and non-contributory coverage for the Arbitration Action and Alameda Action,.

77.     Scottsdale is informed and believes, and based thereon alleges, that upon refusal of the Cross-Defendants to defend Elite and/or Sierra Bay, Scottsdale has paid, and continues to pay, the defense expenses owed by the Cross-Defendants for the Arbitration Action and Alameda Action.

78.     Scottsdale is informed and believes, and based thereon alleges, that the failure of the Cross-Defendants to pay the defense of Elite and/or Sierra Bay in the Arbitration Action and Alameda Action has left Scottsdale to do so, even though the duties of the Cross-Defendants were primary.

79.     Scottsdale is informed and believes, and based thereon alleges, that Elite and/or Sierra Bay could have asserted a cause of action for their own benefit against the Cross-

Selman Breitman LLP
ATTORNEYS AT LAW

1  Defendants regarding defense expenses incurred, and continuing to be incurred, for the Arbitration

2  Action and Alameda Action.

3          80.    Scottsdale is informed and believes, and based thereon alleges, that Elite and/or

4  Sierra Bay have suffered a loss for which the Cross-Defendants are liable, including the amounts

5  Scottsdale has paid and continues to pay for defense in the Arbitration Action and Alameda

6  Action.

7          81.    Scottsdale is informed and believes, and based thereon alleges, that Scottsdale

8  stands in the shoes of Elite and Sierra Bay, and pursuant to principles of subrogation, Scottsdale

9  may assert in this action all claims that Elite and Sierra Bay could have asserted if Scottsdale had

10  not provided a defense in the Arbitration Action and Alameda Action.

11          82.    Therefore, Scottsdale is informed and believes, and based thereon alleges, that

12  Scottsdale is entitled to subrogation from the Cross-Defendants for all sums paid for defense on

13  behalf of Elite and/or Sierra Bay in the Arbitration Action and Alameda Action.  Justice requires

14  that the Cross-Defendants reimburse Scottsdale for all amounts paid to defend Elite and/or Sierra

15  Bay in the Arbitration Action and Alameda Action, including interest.

16                          **SIXTH CAUSE OF ACTION**

17          **(Subrogation Regarding Defense Expenses Against All Cross- Defendants)**

18          83.    Scottsdale re-alleges and incorporates by this reference all preceding paragraphs

19  above, in their entirety, as though fully set forth herein.

20          84.    Scottsdale is informed and believes, and based thereon alleges, that the Scottsdale

21  Policies are excess to the coverage afforded to Elite and Sierra Bay by the Cross-Defendants.

22          85.    Scottsdale is informed and believes, and based thereon alleges, that the policies

23  issued by the Cross-Defendants provide Elite and Sierra Bay with primary and non-contributory

24  coverage for the Arbitration Action and Alameda Action,.

25          86.    Scottsdale is informed and believes, and based thereon alleges, that upon refusal of

26  the Cross-Defendants to defend Elite and/or Sierra Bay, Scottsdale has paid, continues to pay, or

27  will pay indemnity owed by the Cross-Defendants for the Arbitration Action and Alameda Action.

28

*Selman Breitman* LLP
ATTORNEYS AT LAW

513325.1  380.30819

14

**SCOTTSDALE INS. CO. THIRD-PARTY COMPLAINT**

87.     Scottsdale is informed and believes, and based thereon alleges, that the failure of the Cross-Defendants to pay the indemnity of Elite and/or Sierra Bay in the Arbitration Action and Alameda Action has left Scottsdale to do so, even though the duties of the Cross-Defendants were primary.

88.     Scottsdale is informed and believes, and based thereon alleges, that Elite and/or Sierra Bay could have asserted a cause of action for their own benefit against the Cross-Defendants regarding indemnity incurred, continuing to be incurred, or to be incurred in the future, for the Arbitration Action and Alameda Action.

89.     Scottsdale is informed and believes, and based thereon alleges, that Elite and/or Sierra Bay have suffered a loss for which the Cross-Defendants are liable, including the amounts Scottsdale has paid, continues to pay, or will pay, for indemnity in the Arbitration Action and Alameda Action.

90.     Scottsdale is informed and believes, and based thereon alleges, that Scottsdale stands in the shoes of Elite and Sierra Bay, and pursuant to principles of subrogation, Scottsdale may assert in this action all claims that Elite and Sierra Bay could have asserted if Scottsdale had not agreed to provide coverage in the Arbitration Action and Alameda Action.

91.     Therefore, Scottsdale is informed and believes, and based thereon alleges, that Scottsdale is entitled to subrogation from the Cross-Defendants for all sums paid, or to be paid, for indemnity on behalf of Elite and/or Sierra Bay in the Arbitration Action and Alameda Action. Justice requires that the Cross-Defendants reimburse Scottsdale for all amounts paid, or to be paid, to indemnify Elite and/or Sierra Bay in the Arbitration Action and Alameda Action, including interest.

## PRAYER FOR RELIEF

WHEREFORE, Scottsdale prays for judgment against the Cross-Defendants as follows:

1.     On the First Cause of Action, for a declaration that the Cross-Defendants had, and continue to have, a duty to defend Elite and Sierra Bay in the Arbitration Action and Alameda Action.

Selman Breitman LLP
ATTORNEYS AT LAW

1    2.    On the Second Cause of Action, for a declaration that the Cross-Defendants had,

2    and continue to have, a duty to indemnify Elite and Sierra Bay in the Arbitration Action and

3    Alameda Action.

4    3.    On the Third Cause of Action, for a proportionate share of the amounts Scottsdale

5    has expended, or will expend, in the defense of Elite and Sierra Bay in the Arbitration Action and

6    Alameda Action, plus interest.

7    4.    On the Fourth Cause of Action, for a proportionate share of the amounts Scottsdale

8    has expended, or will expend, to indemnify Elite and Sierra Bay in the Arbitration Action and

9    Alameda Action, plus interest.

10   5.    On the Fifth Cause of Action, for full reimbursement of the amounts Scottsdale has

11   expended, or will expend, in the defense of Elite and Sierra Bay in the Arbitration Action and

12   Alameda Action, plus interest.

13   6.    On the Sixth Cause Of Action, for full reimbursement of the amounts Scottsdale

14   has expended, or will expend, to indemnify Elite and Sierra Bay in the Arbitration Action and

15   Alameda Action, plus interest.

16   7.    For costs of suit incurred herein.

17   8.    For such other relief as the Court deems proper.

18   DATED:  December 22, 2011        SELMAN BREITMAN LLP

19

20   By: _____

21                                   SHERYL W. LEICHENGER
                                     LISA MARTIN LAMPKIN
22                                   LAURA R. RAMOS
                                     Attorneys for Third-Party Defendant and Cross-
23                                   Complainant SCOTTSDALE INSURANCE COMPANY

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

**SCOTTSDALE INS. CO. THIRD-PARTY COMPLAINT**